# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

EDWIN and MICHIKO GWIN,

                                    Plaintiffs,

        v.

PACIFIC COAST FINANCIAL
SERVICES, et al.,

                                    Defendants.

Case No. 09cv2734 BTM (BLM)


**ORDER GRANTING MOTION TO DISMISS**

Defendants Pacific Coast Financial Services ("PCFS"), FCI Lender Services, Inc., and David Bridgeman have filed a Motion to Dismiss the Complaint for Failure to State a Claim [Docs. 4, 6].  For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

        The following factual statements are allegations in the Complaint, not the Court's findings.

        This action concerns a $445,000 loan from PCFS to Plaintiffs, secured by a deed of trust on their home located at 13393 Samantha Avenue, San Diego, CA 92129.  Plaintiffs executed the loan on August 31, 2007.  At the signing, Plaintiffs discovered a falsified income statement, stating that Mrs. Gwin, one of the Plaintiffs, owned a business called Michiko's Bridal, which had a net income of $15,000 per month.  Plaintiffs did not sign the false income

statement, but signed the remainder of the loan documents.

Plaintiffs did not receive copies of the deed of trust, nor any other loan documents, including any notices of right to cancel and truth in lending disclosures.  Although they later asked Defendant David Bridgeman, the mortgage broker who arranged the loan, for copies of these documents, they have not received them.

Defendants struggled to make payments on the loan and eventually defaulted in June of 2008.  Plaintiffs did not receive a Notice of Default under California Civil Code § 2924 *et seq.*  In August 2008, Plaintiffs received a Notice of Trustees Sale, which set forth a sale date of December 29, 2008.   On December 29, 2008, defendant PCFS purchased the property. In June 2009, Defendants obtained a judgment for possession of the property.

On November 2, 2009, Plaintiffs filed a Complaint in the Superior Court of California in the County of San Diego alleging eleven causes of action against all Defendants and requesting declaratory, injunctive and monetary relief.  On November 3, 2009, the Superior Court entered a temporary restraining order enjoining Defendants from, among other things, evicting Defendants from their residence.  Defendants filed a Notice of Removal in this Court on December 7, 2009.

Defendants have now moved to dismiss all eleven causes of action.  The Court addresses each claim below.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  But only factual allegations must be accepted as true—not legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

In ruling on a motion to dismiss, a court may take judicial notice of matters of public record that are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## III.  DISCUSSION

1.    <u>First Cause of Action – Truth in Lending Act</u>

Any action for damages under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, must be brought within one year of the loan execution. 15 U.S.C. § 1640(e); *see King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Here, Plaintiffs executed the loan documents in August 2007. They filed their suit in state court in November 2009, well beyond the one-year limitations period. Additionally, although courts may equitably toll TILA claims "in certain circumstances" such as fraudulent concealment, *King v. State of California*, 784 F.2d 910, 914–15 (9th Cir. 1986), Plaintiffs have not alleged any facts justifying equitable tolling.

Plaintiffs also seek rescission of the loan under TILA. Rescission actions under TILA have a three-year limitations period. 15 U.S.C. § 1635(f). The right of rescission also expires upon the sale of the property. *Id.* Plaintiffs allege that their home has been sold to Defendant PCFS. Thus, their rescission claim is also time barred.

For these reasons, the Court **DISMISSES without prejudice** Plaintiffs' First Cause of Action for TILA Violations in its entirety.

2.    <u>Second Cause of Action – Violations of California Financial Code § 4973</u>

Plaintiffs allege that Defendants did not reasonably believe that Plaintiffs could make

payments on the loan when they executed the loan transaction, in violation of California Financial Code § 4973(f)(1).  In order for Plaintiffs to state a claim under California Financial Code § 4973, the loan must be a "covered loan" as defined by California Financial Code § 4970(b).  *See* Cal. Fin. Code § 4970; *Glover v. Fremont Inv. & Loan*, No. 09-3922, 2009 WL 5114001, at *5 (N.D. Cal. December 18, 2009).  If "the original balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association ("Fannie Mae") ..." then the loan is "covered." Cal. Fin.Code § 4970(b).  The Court takes judicial notice that since January 1, 2006, the national conforming loan limit has been $417,000.  *See* Defendants' Request for Judicial Notice;  *Alvara v. Aurora Loan Srvcs.*, No. 09-1512, 2009 WL 1689640, at *4 (N.D. Cal. June 16, 2009) (noting that the 2006 loan limit on a single-family first mortgage loan was $417,000).  Plaintiffs have alleged that they received a loan in the amount of $445,000. Thus, their loan is not a "covered loan" under § 4970(b).

In their opposition, Plaintiffs argue that even though the loan amount exceeded the national conforming loan limit, the "true substance" of the loan fits the definition of covered loan.  But Plaintiffs do not allege facts in their Complaint showing that Defendants structured the loan at issue here to avoid application of this provision.  Nor do Plaintiffs' allegations show that the true substance of the loan was anything other than a $445,000 loan secured by Plaintiffs' home.  The loan at issue here exceeds the national conforming loan limit of $417,000 and is therefore not a "covered loan."

Plaintiffs also assert that their loan is a "consumer loan" under § 4970(d).  But whether their loan is a consumer loan under § 4970(d) is immaterial, because the requirement that an originator "reasonably believe[] the consumer . . . will be able to make the scheduled payments . . ." only applies to covered loans.  The requirement does not apply to consumer loans.

Because the loan here is not a covered loan under California Financial Code § 4970(b), the Court **DISMISSES without prejudice** Plaintiffs' Second Cause of Action in its entirety.

3.   <u>Third Cause of Action – Setting Aside Notice of Default and Notice of Trustee's Sale</u>

In the third cause of action, Plaintiffs allege that they never received the Notice of Default and Notice of Trustees' Sale as required by California Civil Code § 2924. Based on this defect, Plaintiffs seek cancellation of the sale of their property.

First, the Court notes that § 2924 does not require the Notice of Default to be served upon the property owner. *See* Cal. Civ. Code § 2924. The Notice of Default must only be filed in the office of the county recorder where the property is located. *Id.* at § 2924(a)(1). Thus, Plaintiffs allegation that they never received the Notice of Default is inconsequential.

Second, although Plaintiffs state in their Third Cause of Action that they never received the Notice of Sale, they admit in the factual portion of the Complaint that "the Plaintiffs received the Notice of Trustees Sale dated August 29, 2008." (Compl. ¶ 15.) Thus, their allegation that they never received the Notice of Sale is directly contradicted by their own Complaint.

Even if there were defects in the procedure effecting the trustee's sale, under California law, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 577 (1984). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971). The reason for this requirement is that a court of equity will not use its remedial power to accomplish a futile act that has no beneficial purpose. *Id.* at 117-18.

Plaintiffs have not alleged that they tendered the full amount of the debt for which the property was security. Nor have Plaintiffs alleged that they are capable of tendering the full amount. *Karlsen v. Amer. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 118 (1971) ("Simply put, if the offeror 'is without the money necessary to make the offer good and knows it . . .' the tender is without legal force or effect"). Until they do so, the Court cannot set aside the
//

1  trustee's sale of their property.

2      Because Plaintiffs have failed to tender, the Court declines to address Defendants'

3  res judicata argument at this time.  Any defense based on res judicata should be raised on

4  a motion for summary judgment.   Plaintiffs fail to state a claim for the reasons described

5  above.  Accordingly, the Court **DISMISSES without prejudice** Plaintiffs' Third Cause of

6  Action in its entirety.

7

8  4.      Fourth Cause of Action – Cancellation of Instruments

9      In this cause of action, Plaintiffs seek to cancel the Notice of Sale, the Notice of

10  Default, the Election to Sell Under Deed of Trust, the Deed of Trust, and the Promissory

11  Note.  Plaintiffs allege that each document was the product of "multiple violations of law" and

12  should therefore be cancelled.

13      The Court assumes that Plaintiffs assert their cause of action under California Civil

14  Code § 3412, which states a "written instrument, in respect to which there is a reasonable

15  apprehension that if left outstanding it may cause serious injury to a person against whom

16  it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered

17  up or canceled."  Cancellation is an equitable remedy.  *Strong v. Strong*, 22 Cal. 2d 540, 546

18  (1943).  Plaintiffs only make general allegations that the documents are the result of "multiple

19  violations of law," and have not alleged any facts showing why the documents should be

20  cancelled.    General  allegations  of  unlawfulness  are  insufficient  to  state  a  claim  for

21  cancellation of instruments.  *See id.*  Moreover, as set forth above, in order to set aside a

22  trustee's sale Plaintiffs must tender the full amount owed, which they have not done.  *See*

23  *Karlsen*, 15 Cal. App. 3d at 117.

24      For these reasons, the Court **DISMISSES without prejudice** Plaintiffs' Fourth Cause

25  of Action in its entirety.

26

27  5.      Fifth Cause of Action – Quiet Title

28      Plaintiffs' Fifth Cause of Action is to quiet title.  To state a claim to quiet title, a

09cv2734 BTM (BLM)

complaint must be verified and include (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. Code § 761.020.

Here, the Complaint is not verified as § 761.020 requires.  Moreover, Plaintiffs fail to allege the specific "adverse claims" that form the basis of his cause of action.  *Id.* at § 761.020(c); *see also id.* cmt. at ¶ 4.  Instead, Plaintiffs bring this cause of action "against all Defendants" and alleges that "[a]ny and all claims whatsoever, of defendants . . . which is adverse to plaintiffs' fee title ownership interest . . . is without basis in law or fact, being the product of a defective, deceptive and void transaction . . . ."  (Compl. ¶ 41.)  This is insufficient to provide Defendants with notice of grounds upon which Plaintiffs base their cause of action.  Moreover, quieting title in Plaintiffs would require setting aside the trustee's sale, and such relief is unavailable to Plaintiffs given that they have not tendered the full amount owed on their debt.  *See Karlsen*, 15 Cal. App. 3d at 117.

For these reasons, the Court **DISMISSES** Plaintiffs' Fifth Cause of Action in its entirety.


6.      Sixth Cause of Action – Accounting

Plaintiffs also seek a "detailed accounting calculation and summary payoff balance, including unpaid principal balance, accrued interest, unpaid interest, daily interest charges and all other fees and costs or expenses comprising the payoff amount and alleged default amounts."  (Compl. ¶ 43.)

A complaint for an accounting must state facts showing the nature of the relationship that requires accounting and that some balance is due to the plaintiff.  *Stilwell v. Trutanich*, 178 Cal. App. 2d 614, 620 (1960).  There is no right to an accounting where none is necessary.  *St. James Church v. Superior Court*, 135 Cal. App. 2d 352, 359 (1955).

Here, Plaintiffs have not stated a cause of action for an accounting.  First, Plaintiffs

have not alleged any sums are due to them from Defendants.  And second, Plaintiffs have alleged that they received the trustee's notice of sale (also attached as Exhibit 5 to Defendants' Motion to Dismiss), which sets forth the amount of the unpaid debt, together with costs.  Under these circumstances, Plaintiffs have not stated a claim for an accounting and the Court further finds than an accounting is unnecessary.

For these reasons, the Court **DISMISSES without prejudice** Plaintiffs' Sixth Cause of Action in its entirety.

7.      Seventh Cause of Action – Rescission Based Upon Fraud

Plaintiffs seek rescission of the $445,000 loan they received in August 2007.  In an action for rescission, the party seeking rescission must restore, or offer to restore, to the non-rescinding party all consideration received under the contract. *See* Cal. Civ. Code § 1691(b). The Plaintiffs here, however, have not done so.  Nor have they demonstrated that they are capable of doing so.  For this reason, the Court **DISMISSES without prejudice** Plaintiffs' Seventh Cause of Action in its entirety.

8.      Eighth Cause of Action – Unfair Debt Collection Practices

In the eighth cause of action, Plaintiffs claim that Defendants violated the Federal Debt Collection Practices Act ("FDCPA").  Plaintiffs have not specified which provision Defendants have allegedly violated.  Plaintiffs also allege that Defendants violated California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA").   If Defendants violated the FDCPA, Defendants violated the RFDCPA as well.  *See* Cal. Civ. Code § 1788.17 (providing that every debt collector shall comply with certain provisions of the FDCPA).

Plaintiff's FDCPA claims fail because (1) mortgage servicers are not "debt collectors"; and (2) actions taken in pursuit of foreclosure are not debt collection.  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted

to be owed or due another."  15 U.S.C. § 1692a(6).  The Court agrees with the courts that hold that a mortgagor or mortgage servicing company is not a "debt collector" within the meaning of the FDCPA.  *See e.g., Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (holding that FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned."); *Walker v. Equity 1 Lenders Group*, 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009); *Nool v. Homeq Servicing*, 653 F. Supp. 2d 1047 (E.D. Cal. 2009).

The Court also holds that initiating nonjudicial foreclosure proceedings by filing notices of default and filing notices of trustee's sale does not constitute debt collection activity within the scope of § 1692e.  *See Hulce v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008). Although some actions that pertain to foreclosure, such as writing letters to a debtor demanding payment, may constitute debt collection (*see, e.g., Wilson v. Draper & Goldberg P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006) (attorneys wrote letter instructing debtor to make payments)), filing a notice of default or filing a notice of trustee's sale does not amount to debt collection actionable under § 1692e.

Plaintiffs also allege that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*  Again, Plaintiffs do not specificy which provisions Defendants allegedly violated.  General allegations or wrongdoing are insufficient, and the allegations here do not give "fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  Plaintiffs must specify which provisions Defendants have violated.

For these reasons, the Court **DISMISSES without prejudice** Plaintiffs' Eighth Cause of Action in its entirety.

//

//

//

9.    <u>Ninth Cause of Action – Elder Abuse Practices</u>

Plaintiffs also allege causes of action under California Civil Code § 1575 (undue influence), California Civil Code § 3345 (treble damages provision), and California Welfare & Institutions Code § 15610.10 (financial elder abuse). The Court addresses each provision separately below.

First, Plaintiffs cite to California Civil Code § 1575, which sets forth three types of undue influence. Plaintiffs do not indicate which type of undue influence they allege here. Nevertheless, the Court finds that there are two potentially relevant types of undue influence: "taking advantage of another's weakness of mind" or "taking a grossly oppressive and unfair advantage of another's necessities or distress." Cal. Civ. Code § 1575(2)–(3). Plaintiffs have not alleged facts showing Plaintiffs' "weakness of mind" or that Defendants took advantage of Plaintiffs' "necessities or distress."

More importantly, however, the remedy in an action asserting undue influence is rescission of the contract at issue. *See O'Neil v. Spillane*, 45 Cal. App. 3d 147, 158–59 (1975). And in an action for rescission, the party seeking rescission must restore, or offer to restore, to the non-rescinding party all consideration received under the contract. *See* Cal. Civ. Code § 1691(b). The Plaintiffs here, however, have not done so. Nor have they demonstrated that they are capable of doing so. *Karlsen v. Amer. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 118 (1971) ("Simply put, if the offeror 'is without the money necessary to make the offer good and knows it . . .' the tender is without legal force or effect").

Second, Plaintiffs cite to California Civil Code § 3345, which is a treble-damages provision regarding elder-abuse claims. It is not an independent cause of action and will only apply if Plaintiffs successfully prove liability under their elder-abuse claim.

And third, Plaintiffs cite a provision in the California Welfare & Institutions Code related to financial elder abuse. Cal. Welf. & Inst. Code § 15610.30. Financial abuse occurs when a person takes or appropriates, or assists in taking or appropriating, the property of an elder adult for a "wrongful use or with intent to defraud" or by the use of "undue influence." Cal. Welf. & Inst. Code § 15610.30(a)(1)–(2).

Here, Plaintiffs only make general allegations of wrongdoing, and fail to specify which Defendants violated which provisions of these statutes.  Vague and conclusory allegations are insufficient to state a claim upon which relief can be granted.  *Iqbal*, 129 S. Ct. at 1949. Plaintiffs must specify which provisions of these statutes Defendants violated and the facts supporting each alleged violation.

For these reasons, the Court **DISMISSES without prejudice** Plaintiffs' Ninth Cause of Action in its entirety.

10.  <u>Tenth Cause of Action – Unfair Business Practices</u>

To bring a claim under the California Unfair Competition Law, a plaintiff must show either an (1) "unlawful, unfair or fraudulent business act or practice," or (2) "unfair, deceptive, untrue, or misleading advertising."  *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting Cal. Bus. & Prof. Code § 17200).  "Prevailing plaintiffs are generally limited to injunctive relief and restitution."  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999).  "Plaintiffs may not receive damages . . . or attorney fees."  *Id.*

Plaintiffs have yet again failed to allege anything more than vague and conclusory allegations.  Plaintiffs only claim that Defendants "have violated several laws and/or regulations," but do not state which laws Defendants broke and how they broke them.  These allegations are insufficient to state a claim.  *Iqbal*, 129 S. Ct. at 1949.  For these reasons, the Court **DISMISSES without prejudice** Plaintiffs' Tenth Cause of Action in its entirety.

11.  <u>Eleventh Cause of Action – Declaratory and Injunctive Relief</u>

Plaintiffs allege that an actual controversy exists between Plaintiffs and Defendants concerning their respective rights and duties pertaining to the Plaintiff's property.  Under 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Declaratory

09cv2734 BTM (BLM)

relief should be denied if it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). The Court concludes that the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action. Thus, Plaintiffs' declaratory relief claim is duplicative and will neither serve a useful purpose in clarifying legal relations nor terminate the proceedings. *See id.* The Court has dismissed every other claim Plaintiffs assert. Accordingly, the Court also **DISMISSES without prejudice** Plaintiffs' Eleventh Cause of Action for Declaratory and Injunctive Relief.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss [Docs. 4, 6] and **DISMISSES without prejudice** Plaintiffs' Complaint in its entirety as against all Defendants. Plaintiffs may file an amended complaint within twenty-one days of the entry of this order.

Since the Court has dismissed the Complaint at this point, there does not appear to be any likelihood of success on the merits and the continuance of the injunction previously entered by the state court before removal is questionable. Therefore, the injunction shall remain in effect only for twenty-one days from the entry of this order. At the time of the filing of any amended complaint, Plaintiffs may move for a continuance of the injunction. If such a motion is filed, the injunction will continue for seven days to allow the Court to consider it.

**IT IS SO ORDERED.**

DATED: April 23, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge

12                                                          09cv2734 BTM (BLM)