# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN and MICHIKO GWIN,<br><br>                  Plaintiffs,<br><br>  v.<br><br>PACIFIC COAST FINANCIAL SERVICES, et al.,<br><br>                  Defendants. | Case No. 09cv2734 BTM (BLM)<br><br>**ORDER DENYING MOTION TO CONTINUE INJUNCTION PREVIOUSLY ORDERED** |

Plaintiffs have filed a motion to continue injunction previously ordered [Doc. 17]. For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

Plaintiffs assert several causes of action related to their home mortgage. They claim that Defendants violated a variety of state and federal laws during the loan application process. The Court more fully discussed the facts in a separate order filed April 23, 2010. That order dismissed the Complaint for failure to state a claim.

Plaintiffs have filed an Amended Complaint, re-alleging the same claims the Court dismissed. They have also filed this motion, which they call a motion to continue injunction previously ordered. But contrary to what the title of their motion suggests, no court has entered an injunction in this case.

This case started in state court and Defendants removed it here. Before they removed it, however, Plaintiffs had asked the state court for a temporary restraining order ("TRO") enjoining Defendants from evicting them. And on November 4, 2009, the state court granted the motion and set a hearing on a preliminary injunction for December 11, 2009. It does not appear that the preliminary-injunction hearing ever happened because Defendants removed this case on December 7, 2009, a few days before the hearing was to take place.

It is unclear whether the temporary restraining order is still in effect. Defendants argue that TRO's are only effective for twenty-two days at most. But the rule Defendants cite only applies to TRO's without notice. *See* Cal. Civ. Proc. Code § 527(d)(1). And here the TRO was noticed. Defendants filed an opposition to the motion for a TRO and, according to the minute order, they appeared in court for a TRO hearing. Unfortunately, the California rules do not appear to set the expiration date of a noticed TRO when the preliminary-injunction hearing never happens.

In any event, whether the TRO remains effective is irrelevant. Either way, the Court construes Plaintiffs' motion as a motion for a preliminary injunction and must now decide whether Plaintiffs have shown they are entitled to injunctive relief.

## II. LEGAL STANDARD

In order to obtain a preliminary injunction, the moving party must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

## III. DISCUSSION

1.  <u>Likelihood of Success on the Merits</u>

Plaintiffs have not demonstrated a likelihood of success on the merits. The Court already dismissed their complaint in its entirety. And their First Amended Complaint appears to regurgitate the same claims with little effort at fixing the problems the Court identified in

its order.

The only claim that has a chance of success is their elder-abuse claim. Although Defendants argue that they have not produced any evidence supporting it, the Court can consider as evidence Plaintiffs' First Amended Complaint because it is verified. *Cf.* Fed. R. Civ. P. 65(b)(1)(A) (on motion for TRO, court may consider facts in verified complaint to assess irreparable harm). Even so, their elder-abuse claim is not likely to succeed.

Plaintiffs admit that they wanted to refinance their home because they needed money to help their son with a "legal matter." (Compl. ¶ 13.) They also admit that they had familiarity with refinancing their loans: their final refinancing would be their third in two years. *Id.* Further, they had the presence of mind to review the loan application before signing it and noticed a discrepancy in the income statement. (Compl. ¶ 16.) And they questioned their broker about how they could afford the monthly payments because the payments exceeded their income. (Compl. ¶ 14.) Given that it appears Plaintiffs sought out the loan, read the loan documents, understood them, and signed them, and given the paucity of evidence supporting their motion, Plaintiffs have not established a likelihood of success on the merits.

The Court need not address the remaining preliminary-injunction factors. The Court likewise declines to address Defendants' arguments regarding the Anti-Injunction Act.

### IV.  CONCLUSION

The Court **DENIES** Plaintiffs' motion to continue injunction previously ordered [Doc. 17] because they have failed to show a likelihood of success on the merits. Any TRO or injunction that may be in effect with respect to this case is now dissolved if it has not been dissolved already.

**IT IS SO ORDERED.**

DATED: June 28, 2010

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge